# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JANE BROWN, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| vs. | ) Civil Action No. 18-00061-CG-MU |
| | ) |
| FAIRHOPE YACHT CLUB, | ) |
| | ) |
|    Defendant. | ) |
| | ) |

## ORDER

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, dated April 24, 2018, wherein the Magistrate Judge recommends Defendant Fairhope Yacht Club's ("FYC") motion to dismiss be denied. (Doc. 24). FYC has filed a timely objection to the R&R (Doc. 26), Plaintiff Jane Brown ("Brown") responded in opposition (Doc. 27), and FYC filed a subsequent reply (Doc. 38).

**I. Background**

The Magistrate Judge has made findings of fact in the R&R's Summary of Allegations. For the reasons discussed below, those findings are incorporated into this Order.

**II. FYC's Objections**

Defendant FYC presents two primary objections to the Magistrate Judge's findings in the R&R. First, FYC contends the Magistrate Judge omitted important facts evidenced in Brown's brief in opposition to FYC's motion to dismiss. (Doc. 26,

p. 2). FYC also objects to the R&R's finding that the facts alleged in Brown's Complaint are sufficient to survive FYC's motion to dismiss based on a lack of duty. *Id.* at p. 4. The Court will address each objection in turn.

**A. FYC Objects to the R&R's "Summary of Allegations"**

While FYC avers the R&R's Summary of Allegations is "generally accurate," it nevertheless takes issue with the Magistrate Judge's omissions and differentiations of certain facts. (Doc. 26, pp. 2-4). However, the factual recitation at the outset of the R&R is only material to the extent it bears on the disposition of the issue of duty, which is FYC's primary contention in its motion to dismiss. Accordingly, the alleged omissions and differentiations of any facts are considered with respect to the issue of whether FYC owed a duty to Brown, as discussed *infra*.

**B. FYC Objects to the R&R's Finding that the Facts in the Complaint Adequately Allege FYC Owed a Duty to Brown**

The gravamen of FYC's motion to dismiss is based on its contention that, as the entity responsible for conducting the Dauphin Island race, it owed no duty under general maritime law to Brown or any other participant, and thus, it cannot be held liable in this action. (*See* Doc. 4). FYC does not object to the applicable law included in the R&R, which incorporates the elements of a common law negligence claim into a maritime negligence cause of action. (Doc. 24, p. 11). However, FYC bases its objection regarding the governing law on the Magistrate Judge's determinations that: (1) the Magistrate Judge "was not in a position at this juncture to make a pronouncement as to exactly what duty Defendant owed under the

circumstances of this case, if any,"; (2) "[t]he determination of whether a duty exists is a fact-intensive one"; and (3) "accordingly, a final determination as to whether and to what extent a duty existed toward Plaintiff's decedent in this case cannot be made until discovery on this issue has been conducted and a full picture of the facts presented to the Court." (Doc. 26, pp. 5-6). FYC contends the Magistrate Judge's findings are incorrect and reflect a fundamental misunderstanding of "duty" as opposed to what is the "standard of care." (Doc. 26, p. 6). Thus, FYC argues the Court can determine, based on the facts alleged and otherwise before the Court, that FYC did not owe a duty to Brown. *Id.*

FYC, however, mischaracterizes the Magistrate Judge's findings in the R&R. The Magistrate Judge's determination is not, as FYC contends, a misunderstanding of "duty" as opposed to "standard of care." Rather, the Magistrate Judge has determined that it is too early in the litigation to resolve this issue. As noted by the Fifth Circuit in evaluating a defendant's duty under maritime principles, "the determination of duty 'involves a number of factors, including most notably the foreseeability of the harm suffered by the complaining party.'" *In re Signal Intern., LLC*, 579 F.3d 478, 491 (5th Circ. 2009) (citing, e.g., PROSSER AND KEETON ON TORTS § 53 (5th ed. 1984)); *See also Brooke v. Dennis*, 1974 A.M.C. 664 (N.D. Cal. 1973) (delaying the determination of "duty" until after bench trial); *Neito-Vincenty v. Valledor*, 22 F.Supp.3d 153 (D. P.R. 2014) (determining at the summary judgment stage that marina operator did not owe a duty to passengers on vessel that sank). Moreover, as specified in the R&R:

> The parties have also indicated that this case presents an issue of first impression as neither party was able to locate a case that delineates the duty, if any, of a yacht club or similarly situated party who controls the timing of, the registration and acceptance of entrance into the race, and the course of a sailboat race and enters into a contract (permit) whereby it accepts the responsibility of "instruction to and qualification of participants, safety equipment inspections," and provision of "a sufficient number of rescue vessels to provide adequate safety for all participants." (Doc. 24, p. 9).

Accordingly, the determination of FYC's duty, if any, is premature at this stage of the litigation. Consequently, the Court need not address FYC's subsequent arguments regarding the existence, or lack thereof, of FYC's duty owed to Brown. Thus, FYC's objections are overruled, and the Magistrate Judge's recommendation denying FYC's motion to dismiss Brown's Complaint is **ADOPTED** as the opinion of this Court.

## III. Conclusion

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and dated April 24, 2018, is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss Plaintiff Jane Brown's Complaint is **DENIED**.

**DONE** and **ORDERED** this 23rd day of August, 2018.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE