IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JANE BROWN, et al.,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION NO.: |
| v. | * | 1:18-CV-00061-TM-MU |
| | * | Consolidated with: 1:18-cv-102; |
| | * | 1:18-cv-140; and 1:18-cv-176. |
| | * | |
| **FAIRHOPE YACHT CLUB,** | * | |
| | * | |
| Defendant. | * | |

### DEFENDANT FAIRHOPE YACHT CLUB'S ANSWER TO THE COMPLAINT OF JANE BROWN AND CROSS CLAIMS AGAINST ROBERT LUITEN AND LENNARD LUITEN

Notwithstanding and without prejudice to Defendant Fairhope Yacht Club's ("FYC") pending motion to dismiss the claims of Jane Brown for lack of subject matter jurisdiction (doc. 64), FYC answers the complaint of Jane Brown (doc. 1) and asserts cross claims against Robert Luiten and Lennard Luiten as follows:

### Statement of the Parties

FYC is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 1 as stated. FYC denies liability. To the extent further response is required, denied.

Paragraph 2 is admitted.

Paragraph 3 is denied. As is more fully set out in FYC's pending motion to dismiss (doc. 64) and reply in support of motion to dismiss (doc. 76), the Court lacks subject matter jurisdiction over plaintiff's claims.

### Statement of the Facts

Paragraphs 4 through 24 are denied as stated.

### Count One – Wrongful Death/Negligence

Paragraphs 25 through 31 are denied.

### Count Two – Failure to Provide Assistance at Sea

Paragraphs 32 through 35 are denied.

### Count Three – Wanton or Gross Negligence

Paragraphs 36 through 39 are denied.

### Damages

Paragraphs 40 through 43 are denied.

### AFFIRMATIVE DEFENSES

1. As is more fully set out in FYC's pending motion to dismiss (doc. 64) and reply in support of motion to dismiss (doc. 76), the Court lacks subject matter jurisdiction over plaintiff's claims.

2. Plaintiff's complaint and each cause of action contained therein fails to state a claim upon which relief can be granted.

3. The injuries complained of by plaintiff were not proximately caused by any act or omission on the part of FYC.

4. FYC asserts the Act of God defense.

5. FYC asserts that the injuries complained of by plaintiff were due to known perils of the sea.

6. FYC breached no duty owed to the decedent.

7. To the extent that some or all of the damages allegedly incurred by plaintiff were caused by superseding or intervening causes, plaintiff cannot recover against FYC.

8. FYC asserts that the decedent was contributorily negligent, and, thus, plaintiff cannot recover against FYC.

9. FYC asserts that the decedent assumed all risks, and, thus, plaintiff cannot recover against FYC.

10. FYC asserts that plaintiff's claims are barred or limited by comparative fault.

11. The damages complained of by plaintiff were caused by or contributed to by Robert Luiten and/or Lennard Luiten.

12. Robert Luiten and/or Lennard Luiten provided decedent with an unseaworthy vessel that was not properly manned, equipped, and/or supplied for its intended voyage and, as such, FYC did not proximately cause decedent's death.

13. Robert Luiten and/or Lennard Luiten failed to act reasonably in operating and navigating their vessel through known hazards and perils of the sea.

14. FYC asserts all applicable defenses under Rule 8 of the *Federal Rules of Civil Procedure*, including without limitation: assumption of risk; contributory negligence; estoppel; laches; and statute of limitations and any other matter constituting an avoidance or affirmative defense.

15. FYC asserts all applicable defense under Rule 12 of the *Federal Rules of Civil Procedure*, including without limitation: lack of subject matter jurisdiction; lack of personal jurisdiction; improper venue; and failure to state a claim upon which relief can be granted.

16. Plaintiff's complaint fails to state any valid claim against FYC for which punitive damages can be awarded.

17. FYC did not act willfully, knowingly, or consciously disregard any known duty.

18. The decedent's death was not due to any negligent or wanton act of FYC.

19. FYC asserts that it is entitled to indemnity and contribution from Robert Luiten and Lennard Luiten.

20. FYC reserves the right to amend this answer to include any other appropriate affirmative defenses, which may be developed through discovery and/or investigation of the subject incident.

### FAIRHOPE YACHT CLUB'S CROSS CLAIMS AGAINST ROBERT LUITEN AND LENNARD LUITEN

Notwithstanding and without prejudice to Defendant FYC's pending motion to dismiss the claims of Jane Brown for lack of subject matter jurisdiction (doc. 64) and in the event the Court should deny FYC's motion, FYC asserts the following cross claims against Robert Luiten and Lennard Luiten:

1. FYC is an Alabama non-profit corporation located in Baldwin County, Alabama.

2. Robert Luiten is an adult resident of Mobile County, Alabama.

3. Lennard Luiten is an adult resident of Mobile County, Alabama.

4. In the event the Court finds subject matter jurisdiction as to plaintiff Jane Brown's underlying claims and denies FYC's pending motion to dismiss for lack of subject matter jurisdiction (doc. 64), the Court will have jurisdiction over these cross claims pursuant to 28 U.S.C. § 1333, and venue is proper pursuant to 28 U.S.C. §1391(b)(1) &(2).

5. On April 25, 2015, Robert Luiten was the owner of a 24 foot recreational sailing vessel, RAZR, which was voluntarily participating in the 2015 Dauphin Island Race ("DIR") on the navigable waters of Mobile Bay.

6. On April 25, 2015 during the DIR, Robert Luiten, as owner of the RAZR, appointed, selected, and/or otherwise allowed his 17 year old son, Lennard Luiten, to act as skipper of the RAZR.

7. As skipper of the RAZR, Lennard Luiten, was obligated to act reasonably in his operation and navigation of the vessel and to act reasonably in instructing his crew.

8. In total, there were five individuals aboard the RAZR participating in the 2015 DIR: Robert Luiten, as owner; 17 year old Lennard Luiten, as skipper; 71 year old J.C. Brown; 17 year old Jacob Pouncey; and 17 year old Adam Clark. Neither Jacob Pouncey nor Adam Clark had any significant past experience crewing sailing vessels.

9. After crossing the finish line and completing the 2015 DIR, the RAZR and her crew began navigating from the southern portion of Mobile Bay in a northerly direction towards the Mobile Yacht Club on Dog River.

10. During the return trip, the RAZR and her crew encountered severe weather with their sails still up, which resulted in the vessel being knocked down, held over by wind, taking on

water, and subsequently sinking, resulting in the deaths of J.C. Brown and Adam Clark. No one aboard was wearing a life jacket at the time the RAZR sank.

11. Jane Brown has asserted claims against FYC arising from the death of her husband J.C. Brown, who was a passenger and/or crew member aboard the RAZR, owned by Robert Luiten and skippered by Lennard Luiten, during the 2015 DIR.

12. All claims and damages asserted by Jane Brown against FYC arising from the 2015 DIR and the death of J.C. Brown were proximately caused by the acts and/or omissions of the owner and skipper of the RAZR, Robert Luiten and Lennard Luiten, respectively.

13. Robert Luiten and Lennard Luiten, as owner and skipper of the RAZR, had a duty to maintain, operate, and navigate the RAZR in a reasonable manner and to ensure that she was in all respects seaworthy and reasonably suited for her intended voyage and to provide reasonable instruction to the crew.

14. Robert Luiten and Lennard Luiten, as owner and skipper of the RAZR, breached their duties and failed to act reasonably in their maintenance, operation, and navigation of the RAZR during the 2015 DIR and to ensure that she was in all respects seaworthy and reasonably suited for her intended voyage and failed to provide reasonable instruction to the crew.

15. As a direct result of Robert Luiten and Lennard Luiten's negligent breaches of duty and of reasonable care, J.C. Brown died and claims have been asserted against FYC in relation to his death, resulting in damage to FYC.

16. Furthermore, FYC denies that it is liable to plaintiff Jane Brown for any damages, and that such damages, if any, are instead the result of the negligence and fault of Robert Luiten and Lennard Luiten for which FYC seeks and demands indemnity and contribution from Robert Luiten and Lennard Luiten, including all damages, fees, interest, costs, and expenses.

WHEREFORE, the premises considered, FYC cross claims against and demands from Robert Luiten and Lennard Luiten all incurred and/or available damages and fees, interest, costs, and expenses in an amount to be proven at trial and all other general and equitable relief to which it is entitled, including indemnity and contribution for the claims of plaintiff Jane Brown.

    Respectfully submitted,

    *s/ E. Barrett Hails*
    ALLEN E. GRAHAM   (GRA051)
    E. BARRETT HAILS   (HAI021)
    Attorneys for Defendant Fairhope Yacht Club

OF COUNSEL:

**PHELPS DUNBAR, LLP**
101 Dauphin Street, Suite 1000
Post Office Box 2727
Mobile, Alabama 36602
(251) 432-4481
Teeto.Graham@phelps.com
Barrett.Hails@phelps.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on November 5, 2018 served a true and correct copy of the foregoing on the following parties by electronic filing through the CM/ECF filing system, to wit:

James J. Crongeyer, Jr.
H. Ruston Comley
WATKINS & EAGER, PLLC
Post Office Box 650
Jackson, Mississippi 39205

H. Lanier Brown II
WATKINS & EAGER, PLLC
Lakeshore Park Plaza
2204 Lakeshore Dr., Suite 114
Birmingham, Alabama 35209

Omar L. Nelson
Gibbs Travis PLLC
1400 Meadowbrook Road, Suite 100
Jackson, Mississippi 39211

    *s/ E. Barrett Hails*
    E. BARRETT HAILS