## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

JANE BROWN, *et al.*,

    Plaintiffs,

vs.

FAIRHOPE YACHT CLUB

    Defendant.

CIVIL ACTION NO: 1:18-CV-00061-TM-MU

### ANSWER AND DEFENSES OF ROBERT AND LENNARD LUITEN TO COUNTER-CLAIMS SET FORTH IN DEFENDANT FAIRHOPE YACHT CLUB'S ANSWER TO THE COMPLAINT OF JANE BROWN AND CROSS CLAIMS AGAINST ROBERT LUITEN AND LENNARD LUITEN

COME NOW, Plaintiffs Robert Luiten and Lennard Luiten ("Plaintiffs") and submit their Answer and Defenses in response to the counter-claims asserted against them by Defendant Fairhope Yacht Club ("FYC") in its Answer to the Complaint of Jane Brown and Cross Claims Against Robert Luiten and Lennard Luiten [Doc. # 94].[1] In support, Plaintiffs state the following:

### FIRST DEFENSE

FYC has failed to state a cause of action for which relief can be granted, and, therefore, the counter-claims asserted in Document # 94 should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

Subject to and without waiving any of the defenses set forth herein, Plaintiffs answer the specific allegations asserted against them in the section of Document # 94 designated "Fairhope

---

[1] FYC refers to the allegations it asserts against Plaintiffs as "cross claims." However, "cross-claims are filed against co-parties and not against adverse parties. Cross-claims are litigated by parties on the same side of the main litigation; counterclaims are litigated between opposing parties to the principal action." *Stahl v. Ohio River Co.*, 424 F.2d 52, 55 (3d Cir. 1970). Therefore, FYC's "cross claims" are referred to herein as "counter-claims."

Yacht Club's Cross Claims Against Robert Luiten and Lennard Luiten," beginning on page 3 and ending on page 6, referred to herein as **FYC's Counter-Complaint.** Plaintiffs respond to these allegations with each of the following numbered and unnumbered paragraphs corresponding thereto. All allegations not expressly admitted are denied.

FAIRHOPE YACHT CLUB'S CROSS CLAIMS
AGAINST ROBERT LUITEN AND LENNARD LUITEN

("FYC's Counter-Complaint")

1. Admitted.

2. Admitted.

3. Admitted.

4. Plaintiffs admit that if the Court denies FYC's pending motion to dismiss Plaintiff Jane Brown's claims for lack of subject matter jurisdiction [Doc. # 64], it will have jurisdiction over the claims asserted by Mrs. Jane Brown in her Complaint [Doc. # 1]. The remainder of the allegations set forth in Paragraph 4 of FYC's Counter-Complaint constitute legal conclusions to which no response is required. To the extent a response is required, those remaining allegations are denied.

5. Plaintiffs admit that Robert Luiten owned a recreational sailing vessel of approximately 23.33 feet, which sailed in the 2015 Dauphin Island Race on the navigable waters of Mobile Bay.

6. Denied as stated. Plaintiffs admit that on April 25, 2015, Lennard Luiten acted as the skipper of the RAZR during the 2015 Dauphin Island Race.

7. The allegations set forth in Paragraph 7 of FYC's Counter-Complaint constitute legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

8. Admitted.

9. Admitted.

10. Plaintiffs admit that as the RAZR and her crew sailed toward the Mobile Yacht Club after crossing the finish line, a severe storm struck the vessel and prevented the crew from lowering the vessel's sails. Shortly thereafter, the vessel capsized, took on water and sank. The vessel's occupants struggled in the water, but eventually J.C. Brown and Adam Clark drowned. Robert and Lennard Luiten witnessed these events and thereafter continued to struggle for their lives until rescued. Both Robert and Lennard Luiten suffered damages from this experience as described in more detail in their Complaint [Doc. # 30 at 1-11]. Plaintiffs also admit that no one aboard the RAZR was wearing a life jacket during the race. All remaining allegations set forth in Paragraph 10 of FYC's Counter-Complaint are denied.

11. Plaintiffs admit that Jane Brown has asserted claims against FYC which arose out of the negligent, grossly negligent, reckless and wanton manner in which FYC planned and conducted the 2015 Dauphin Island Race and, thereby, caused the death of her husband, Jimmie Charles ("J.C.") Brown. All remaining allegations set forth in Paragraph 11 of FYC's Counter-Complaint are denied.

12. Denied.

13. The allegations set forth in Paragraph 13 of FYC's Counter-Complaint constitute legal conclusions, which require no response. To the extent a response is required, those allegations are denied.

14. Denied.

15. Denied.

16. The allegations set forth in Paragraph 16 of FYC's Counter-Complaint are not directed to Plaintiffs and, therefore, they require no response. To the extent a response is required, those allegations are denied.

In response to the unnumbered paragraph in FYC's Counter-Complaint following Paragraph 16 and beginning with the word "WHEREFORE", Plaintiffs deny that Robert and/or Lennard Luiten bear any liability to FYC. Plaintiffs further deny (a) that FYC suffered any damages, (b) that FYC is entitled to the relief it seeks, and (c) that FYC is entitled to any relief whatsoever from Robert Luiten or Lennard Luiten.

## THIRD DEFENSE

The claims set forth in FYC's Counter-Complaint may be barred in whole or in part by the applicable statute of limitation and/or the doctrines of estoppel, waiver and laches.

## FOURTH DEFENSE

To the extent Plaintiffs are found to bear any liability to FYC in connection with the 2015 Dauphin Island Race, which Plaintiffs expressly deny, such liability should be apportioned according to the principles of comparative fault as set forth in *Hercules, Inc. v. Stevens Shipping Co.*, 765 F.2d 1069 (11th Cir. 1985).

## FIFTH DEFENSE

FYC's claims for indemnity may be barred if FYC is found to bear any fault in connection with the damages suffered by Jane Brown.

## SIXTH DEFENSE

As the owner of the subject vessel (*i.e.*, the "RAZR"), Plaintiff Robert Luiten may be entitled to the protections set forth in the Limitation of Shipowners' Liability Act, codified at 46 U.S.C. §§ 30501 *et seq*. and 32 CFR § 536.123.

## **SEVENTH DEFENSE**

Plaintiffs reserve the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, Plaintiffs respectfully request the dismissal of the claims set forth in FYC's Counter-Complaint with prejudice. Plaintiffs further request the award of legal costs, including attorneys' fees, as well as all other relief which this Court deems just and equitable.

DATED: November 26, 2018.

        PLAINTIFFS ROBERT AND LENNARD LUITEN,

By: /s/ *H. Ruston Comley*
James J. Crongeyer, Jr., AL Bar 9725-067J
H. Ruston Comley (Admitted *PHV*)
WATKINS & EAGER PLLC
400 East Capitol Street
Post Office Box 650
Jackson, Mississippi 39205-0650
Phone: 601-965-1900
Fax:    601-965-1901
jcrongeyer@watkinseager.com
rcomley@watkinseager.com

H. Lanier Brown, II (BRO067)
WATKINS & EAGER PLLC
Lakeshore Park Plaza Office Building
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Phone: (205) 598-2100
Fax:    (205) 449-1750
lbrown@watkinseager.com

Omar L. Nelson (Admitted *PHV*)
GIBBS TRAVIS PLLC
1400 Meadowbrook Road, Suite 100
Jackson, Mississippi 39211
Phone: 601-487-2640
Fax:    601-366-4295
onelson@gibbstravis.com

## **CERTIFICATE OF SERVICE**

       I do hereby certify that I have served a true and correct copy of the foregoing on all parties by electronic filing through the CM/ECF filing system.

    Allen E. Graham
    E. Barrett Hails
    PHELPS DUNBAR, LLP
    101 Dauphin Street, Suite 1000
    Post Office Box 2727
    Mobile, Alabama 36602
    Teeto.Graham@phelps.com
    Barrett.Hails@phelps.com

    This, the 26th day of November 2018.

                                                /s/ *H. Ruston Comley*
                                                H. Ruston Comley