IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JANE BROWN, etc., et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION NO.: |
| v. | * | 1:18-CV-00061-TFM-MU |
| | * | |
| | * | Consolidated with: 1:18-cv-102; |
| | * | 1:18-cv-140; and 1:18-cv-176. |
| | * | |
| FAIRHOPE YACHT CLUB, | * | |
| | * | |
| Defendant | * | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO
COMPEL THE DISCLOSURE OF JOHN HIRSH'S STATEMENT**

Defendant Fairhope Yacht Club ("FYC") opposes Plaintiffs' motion to compel (doc. 116)

the disclosure of a recording of John Hirsh's interview with the U.S. Coast Guard ("USCG")

during its investigation of the 2015 Dauphin Island Race ("DIR") as follows:

**I.      THE REQUESTED RECORDING IS NOT SUBJECT TO CIVIL DISCOVERY
UNDER 46 U.S.C. § 6308.**

46 U.S.C. § 6301, *et seq.* permits the USCG to conduct investigations into marine

casualties, and under 46 U.S.C. § 6308(a), **no part** of a report of a marine casualty investigation

is admissible as evidence or subject to discovery in any civil proceeding:

> (a) **Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings**, other than an administrative proceeding initiated by the United States.

46 U.S.C. § 6308(a) (emphasis added).

The underlying purpose of 46 U.S.C. § 6308 is explained in 46 C.F.R. § 4.07-1(b), which

states that "[t]he investigations of marine casualties and accidents and the determinations made

are for the purpose of taking appropriate measures for promoting safety of life and property at sea, and **are not intended to fix civil or criminal responsibility**." 46 C.F.R. § 4.07-1(b) (emphasis added).

Plaintiffs argue that § 6308 should be interpreted narrowly so as only to apply to the report issued by the USCG.  Plaintiffs maintain that, because they are seeking only an audio recording of the interview taken by the USCG during their investigation into the 2015 DIR, as opposed to the report issued, their request for production does not fall within the scope of and, thus, is not barred by 46 U.S.C. § 6308(a).  However, several courts have viewed § 6308(a)'s prohibition on production expansively. In the case of *In re Complaint of Danos & Curole Marine Contractors, Inc.*, 278 F. Supp. 2d 787, 785 (E.D. La. 2003), the court stated "that the list provided in 46 U.S.C. § 6308(a) is illustrative and not exclusive." In *Goodwin v. Cockrell*, 2014 WL 6630105, *2 (E.D. N.C. Nov. 21, 2014), the court noted the split in authority on the interpretation of 46 U.S.C. § 6308:

> **Some courts have read the statute expansively, and determined that any part of report, regardless of whether it entailed "findings of fact, opinions, recommendations, deliberations, or conclusions" is rendered inadmissible**. *See In re Eternity Shipping*, Ltd., 444 F.Supp.2d 347, 363 (D.Md. 2006) (determining that a transcript of an individual's interview with the Coast Guard, which was an exhibit to a report, was inadmissible); *Falconer v. Penn Maritime, Inc.*, 397 F.Supp.2d 68, 70 (D.Me. 2005) (finding that all parts of a Coast Guard report, including photographs and **notes of statements taken by a Coast Guard investigator, were inadmissible under the statute**); *In re Complaint of Crosby Tugs, LLC*, No. CIV. A. 021125C/W, 2004 WL 5482859, at *1–2 (E.D. La. Aug. 16, 2005) (determining that a measurement taken by the Coast Guard of the depth of a body of water during an investigation and referenced in a report was inadmissible); *In re Am. Milling Co.*, 270 F.Supp.2d 1068, 1075–75 (E.D.Mo.2003) (**finding the transcript of a Coast Guard investigatory hearing inadmissible**), rev'd in part on other grounds, 409 F.3d 1005 (8th Cir. 2005). **The Coast Guard itself ostensibly agrees with a broad interpretation of the statute**. *See* William R. Dorsey, III, *Marine Casualty Investigations by the United States Coast Guard and the National Transportation Board*, 75 Tul. L.Rev. 1387, 1413 (2001) (**noting that <u>the Coast Guard considers "written statements, transcribed testimony</u>, or documentary evidence obtained during an investigation ... to be part and parcel of the 'report' to which the prohibition of admissibility in § 6308 applies"**).

(emphasis added).

The U.S. District Court for the Southern District of Alabama has interpreted § 6308 broadly, holding that "[t]he entire content of the Coast Guard's report is precluded from being used in any civil litigation pursuant to 46 USC § 6308." *In the Matter of the Complaint of Atlantic Marine Property Holding Co., Inc.*, No. 06-0100-CG-B, 2008 WL 3828801, *1 (S.D. Ala. Aug. 13, 2008) (Granade, J.).  As noted above, numerous other courts have likewise adopted a broad interpretation of § 6308. *See also In re Ward Hornblower Proescher, Limitations Proceedings M/V JACK LONDON COMMODORE*, 1999 AMC 1612 (N.D. Cal. April 8, 1999) ("The MCR is inadmissible as evidence for any purpose whatsoever pursuant to 46 U.S.C. 6308."); *In re Paulsboro Derailment Cases*, 2015 WL 4138950 (D.N.J. July 9, 2015) (excluding NTSB report); and *Credle v. Smith and Smith, Inc.*, 42 F.Supp.3d 596 (D.N.J. 2013) (excluding portions of an expert's testimony that were based upon inadmissible findings in a USCG report per  § 6308).

Plaintiffs also rely upon the decision of *Guest v. Carnival Corp.*, 917 F.Supp.2d 1242 (S.D. Fla. 2012) in support of a narrow interpretation of § 6308. However, *Guest* simply stands for the proposition that if a party provides a document within its possession to the USCG, then that document is excluded from the protections of § 6308 in a later litigation. Unlike *Guest*, the interview recording being sought by Plaintiffs in this case were not made by FYC and then subsequently turned over to the USCG.  Rather, the substance of the recorded interview was produced by the USCG as it contains the USCG questions to John Hirsh during the course of their investigation. FYC was permitted to attend and to participate in the USCG witness interviews because FYC had been designated a *party in interest*.

Plaintiffs' seek this recording solely to impeach John Hirsh. The U.S. District Court for the Eastern District of Louisiana recently ruled that § 6308(a)'s prohibition includes USCG

3

report excerpts offered for impeachment at trial: "Accordingly, the Coast Guard Report referenced in the parties' proposed Joint Pre-Trial Order is inadmissible, and Yellow Fin may not employ it at trial for any purpose, including impeachment." *Thompson v. Yellow Fin Marine Servs., LLC*, 2016 U.S. Dist. LEXIS 97461, *6 (E.D. La., July 26, 2016). Plaintiffs are requesting this recording for reasons in direct conflict with the very purpose of a USCG investigation. As stated in 46 U.S.C. § 4.07-1(b), "[t]he investigations of marine casualties . . . **are not intended to fix civil or criminal responsibility**." (emphasis added). Furthermore, "Congress enacted this statute to prevent the Coast Guard from becoming embroiled in private litigation resulting from marine accidents." *In re Cozy Cove Marina, Inc.*, 521 F. Supp. 2d 504, 507 (E.D.N.C. 2007) *citing Falconer v. Penn Mar. Inc.*, 397 F. Supp. 2d 68, 70 (D. Me. 2005).

These rules exist to promote safety by encouraging full and frank disclosure of those involved in an investigation. Production of the USCG's interviews undermines this purpose. Plaintiffs will have full access to USCG questions and deliberations, which were made as part of the investigation process. Production of the interview recording will allow Plaintiffs' to use the USCG's interview questions and deliberations for the sole purpose of proving FYC's liability in this civil action. This use of the USCG deliberations and investigation is in direct violation of 46 C.F.R. § 4.07-1(b) and 46 U.S.C. § 6308. Production of the interview recording would have a chilling effect upon USCG investigations. The Court should deny Plaintiffs' motion to compel production of the USCG interview recording.

## II.   PLAINTIFFS' DO NOT HAVE A SUBSTANTIAL NEED FOR THE RECORDING.

FYC's Principle Race Officer Randy Fitzpatrick, the only witness deposed by plaintiffs in the prior *Henry* litigation, identified John Hirsh as the recipient of a call from the USCG and testified as to what she recalled John telling her about what was said to him during a call from the USCG. (doc. 116-6). Plaintiffs' motion sets out a timeline regarding the "conflict" that

4

creates their proffered substantial need for Hirsh's statement; however, noticeably absent from the recitation is a request for or notice of deposition of John Hirsh in the prior related *Henry* litigation filed in Mobile County Circuit Court. Plaintiffs have been aware of Mr. Hirsh's identity since the prior state court litigation in 2016 but elected not to depose him until September of 2018. Simply because they do not like what Mr. Hirsh has to say now that they have deposed him in this case does not create a "substantial need" for his prior USCG interview recording.

Plaintiffs argue that because FYC retained counsel after the 2015 DIR, something that is explicitly permitted in 46 U.S.C. § 6303, Hirsh was off limits and they had no access to him. This is simply not true. In fact, Plaintiffs issued a non-party subpoena to Hirsh individually in the prior state court *Henry* litigation, and he responded by producing over 1,000 pages of documents. Plaintiffs waited over three years after the 2015 DIR to notice Hirsh's deposition and now because they find his testimony unfavorable to their position, they claim a substantial need for anything he has ever said in relation to the 2015 DIR even a statement provided to the USCG as part of their protected investigation, which as discussed above is not discoverable in civil litigation.

III.   **ALTERNATIVELY, THE INTERVIEW RECORDING IS SUBJECT TO THE WORK-PRODUCT PRIVILEGE.**

Plaintiffs' motion to compel should alternatively be denied because the requested documents were made in anticipation of litigation and are therefore subject to the work-product privilege. FRCP 26(b)(3). Documents are subject to the work-product privilege where "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or representative of that party." *Ex parte Flowers,* 991 So.2d 218, 221 (Ala. 2008) (internal citations and quotations omitted). Here the material sought to be protected is a recording of witness interview conducted by the USCG. At the time the interview recording was made, FYC

was a party in interest to the USCG investigation and had retained counsel. 46 U.S.C. § 6303 explicitly permits individuals designated as a party in interest to be represented by counsel. The recording was made by an agent of FYC, investigator Jeff Grizzle, with the full knowledge of the USCG personnel involved. Under these circumstances, FYC's participation in the USCG investigation and recording of the subject witness interviews was in part "because of the prospect of litigation." *Sims v. Knollwood Park Hosp.*, 511 So.2d 154, 158 (Ala. 1987). *See also Ex parte USA Water Ski, Inc.*, 135 So.3d 247 (Ala. 2013) (finding post-accident report was subject to work product privilege).   Therefore, the interview recording is subject to the work-product doctrine as it was prepared in anticipation of litigation.

## CONCLUSION

46 U.S.C. § 6308(a) strictly prohibits FYC from producing the interview recording and to produce the same would subvert federal law as to the treatment of USCG investigations. If the Court does not find the interview recording to be within the protections set out in 46 U.S.C. § 6308(a), the interview recording at issue was prepared in anticipation of litigation and is therefore subject to the work-product privilege.

WHEREFORE, the premises considered, Plaintiffs' motion to compel the production of John Hirsh's interview recording during the U.S. Coast Guard investigation should be denied.

*s/ E. Barrett Hails*
ALLEN E. GRAHAM
E. BARRETT HAILS
Attorneys for the Fairhope Yacht Club

OF COUNSEL:
**PHELPS DUNBAR LLP**
101 Dauphin Street, Suite 1000 (36602)
Post Office Box 2727
Mobile, Alabama 36652-2727
251-432-4481
teeto.graham@phelps.com
barrett.hails@phelps.com

6

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 30th day of January, 2019, served a copy of the foregoing on counsel for all parties to this proceeding through the Ala-Court e-filing system as follows:

James J. Crongeyer, Jr.
H. Ruston Comley
WATKINS & EAGER, PLLC
Post Office Box 650
Jackson, Mississippi 39205

Omar L. Nelson
Gibbs Travis PLLC
1400 Meadowbrook Road, Suite 100
Jackson, Mississippi 39211

H. Lanier Brown II
WATKINS & EAGER, PLLC
Lakeshore Park Plaza
2204 Lakeshore Dr., Suite 114
Birmingham, Alabama 35209

*/s/ E. Barrett Hails*
E. Barrett Hails

PD.25311162.1