IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JANE BROWN, et al., * | |
| * | |
| Plaintiffs, * | |
| * | CIVIL ACTION NO.: |
| v. * | 1:18-CV-00061-TM-MU |
| * | Consolidated with: 1:18-cv-102; |
| * | 1:18-cv-140; and 1:18-cv-176. |
| * | |
| FAIRHOPE YACHT CLUB, * | |
| * | |
| Defendant. * | |

**DEFENDANT FAIRHOPE YACHT CLUB'S ANSWER
TO PLAINTIFFS' AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS AGAINST ROBERT AND LENNARD LUITEN**

Defendant Fairhope Yacht Club ("FYC") answers the plaintiffs' amended complaint (doc. 141) as follows:

**The Parties**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted that Amanda Beall is the widow of Kris Beall and a resident of Pineville, Louisiana, but denied that she is a proper party before the Court or otherwise entitled to seek damages from FYC.

6. Admitted.

7. FYC acknowledges that the Court has recently determined it has subject matter jurisdiction pursuant to the general maritime law of the United States (*see* doc. 136). FYC does not waive and reserves the right to seek appellate review of this determination.

### The Facts

Paragraphs 8 through 48, including all subparts and footnotes, are denied.

### Count One – Wrongful Death/Negligence

Paragraphs 49 through 61 are denied.

### Count Two – Failure to Provide Assistance at Sea

Paragraphs 62 through 71 are denied.

### Count Three – Wanton or Gross Negligence

Paragraphs 72 through 75 are denied.

### Damages

Paragraphs 76 through 92 are denied, including all subparts. To the extent the WHEREFORE paragraph requires a response, denied.

### AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction over plaintiffs' claims.

2. FYC owed the plaintiffs and the decedents no duty under maritime law.

3. Plaintiffs' amended complaint and each cause of action contained therein fails to state a claim upon which relief can be granted.

4. Plaintiffs lack proper legal standing to assert claims against FYC.

5. The injuries complained of by plaintiffs were not proximately caused by any act or omission on the part of FYC.

6. The injuries complained of by plaintiffs were proximately caused by the acts or omission of the respective skippers of the subject vessels and not FYC.

7. FYC asserts the Act of God defense.

8. FYC asserts that the injuries complained of by plaintiffs were due to known perils of the sea.

9. FYC breached no duty owed to the decedents or plaintiffs.

10. To the extent that some or all of the damages allegedly incurred by plaintiffs were caused by superseding or intervening causes, plaintiffs cannot recover against FYC.

11. Plaintiffs' claims are barred by the statute of limitations and the doctrine of laches.

12. FYC asserts that plaintiffs' claims are not subject to any Alabama state law nor can they be supplemented by any state law, as such law conflicts with the substantive maritime law of the United States. *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996); *In re Amtrak Sunset Ltd.*, 121 F.3d 1421 (11th Cir. 1997).

13. FYC disputes the applicability of any state law; however, plaintiffs' claims are barred by Ala. Code § 6-5-410(d) and § 6-2-38.

14. FYC asserts that the decedents and plaintiffs were contributorily negligent, and, thus, plaintiffs cannot recover against FYC.

15. FYC asserts that the decedents and plaintiffs assumed all risks, and, thus, plaintiffs cannot recover against FYC.

16. FYC asserts that plaintiffs' claims are barred or limited by comparative fault.

17. The damages complained of by plaintiffs were caused by or contributed to by others, not FYC.

18. The damages complained of by Robert Luiten were caused by or contributed to by Lennard Luiten.

19. The damages complained of by Lennard Luiten were caused by or contributed to by Robert Luiten.

20. Robert Luiten, as vessel owner, provided an unseaworthy vessel that was not properly manned, equipped, and/or supplied for its intended voyage and, as such, FYC did not proximately cause either plaintiffs' alleged injuries.

21. Robert Luiten failed to act reasonably in operating and navigating his vessel through known hazards and perils of the sea.

22. Lennard Luiten failed to act reasonably in operating and navigating the vessel through known hazards and perils of the sea.

23. Kris Beall failed to act reasonably under the circumstances and disregarded the instructions of the skipper by exiting the vessel during the storm, and, therefore, he cannot recover against FYC based on his comparative fault, assumption of risk, contributory negligence and the presence of intervening and superseding causes of his death.

24. FYC asserts all applicable defenses under Rule 8 of the *Federal Rules of Civil Procedure*, including without limitation: assumption of risk; contributory negligence; estoppel; laches; and statute of limitations and any other matter constituting an avoidance or affirmative defense.

25. FYC asserts all applicable defense under Rule 12 of the *Federal Rules of Civil Procedure*, including without limitation: lack of subject matter jurisdiction; lack of personal jurisdiction; improper venue; and failure to state a claim upon which relief can be granted.

26. Plaintiffs' amended complaint fails to state any valid claim against FYC for which punitive damages can be awarded.

27. FYC did not act willfully, knowingly, or consciously disregard any known duty.

28. The decedents' deaths were not due to any negligent or wanton act of FYC.

29. FYC asserts that it is entitled to indemnity and contribution from Robert Luiten and Lennard Luiten for the deaths of J.C. Brown and Adam Clark as well as the respective claims of the Luitens.

30. FYC affirmatively pleads that no individuals were ever "found at sea" by FYC such that FYC can be liable for an alleged failure to rescue pursuant to 46 U.S.C. § 2304.

31. FYC affirmatively pleads that plaintiffs seek damage that are not recoverable as an established matter of general maritime law, including without limitation: certain property damages; loss of society damages; punitive damages; and/or any other non-pecuniary damages.

32. FYC affirmatively pleads that plaintiff Amanda Beall lacks proper standing.

33. FYC affirmatively pleads that plaintiff Amanda Beall's claims are barred by the doctrine of laches

34. FYC affirmatively pleads that plaintiff Amanda Beall's claims are barred by the statute of limitations.

35. FYC affirmatively denies that the U.S. Coast Guard Permit or its covering correspondence created a legal duty as alleged by plaintiffs. *King v. Avtech Aviation, Inc.*, 655 F.2d 77, 79 (5th Cir. 1981) ("The regulation is clearly aimed at safety but it does not require specific conduct and is far too broad to establish a standard of care."); *Tucker v. CBS Radio Stns., Inc.*, 124 Cal. Rptr. 3d 1246, 1249-51, 1255-56 (Dist. Ct. App. 2011); *Beck v. Thompson*, 818 F.2d 1204, 1210-11 (5th Cir. 1987); *Beck v. Thompson*, 818 F.2d 1204, 1210-11 (5th Cir. 1987); *Baida v. First Unum Life Ins. Co.*, 261 Fed. Appx. 29, 30-31 (9th Cir. 2007).

36. FYC reserves the right to amend this answer to include any other appropriate affirmative defenses, which may be developed through discovery and/or investigation of the subject incident.

- 5 -

## FAIRHOPE YACHT CLUB'S COUNTERCLAIM AGAINST LENNARD LUITEN

FYC asserts the following counterclaim against Lennard Luiten:

1. FYC is an Alabama non-profit corporation located in Baldwin County, Alabama.

2. Robert Luiten is an adult resident of Mobile County, Alabama.

3. Lennard Luiten is an adult resident of Mobile County, Alabama.

4. Since the Court has found subject matter jurisdiction as to plaintiff Robert Luiten's underlying claims, the Court will have jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1333, and venue is proper pursuant to 28 U.S.C. §1391(b)(1) &(2). FYC does not waive and reserves the right to seek appellate review of this Court's subject matter jurisdiction.

5. On April 25, 2015, Robert Luiten was the owner of a 24 foot recreational sailing vessel, RAZR, which was voluntarily participating in the 2015 Dauphin Island Race ("DIR") on the navigable waters of Mobile Bay.

6. On April 25, 2015 during the DIR, Lennard Luiten was acting as skipper of the RAZR.

7. As skipper of the RAZR, Lennard Luiten, was obligated to act reasonably in his operation and navigation of the vessel and to act reasonably in instructing his crew.

8. In total, there were five individuals aboard the RAZR participating in the 2015 DIR: Robert Luiten, as owner; 17 year old Lennard Luiten, as skipper; 71 year old J.C. Brown; 17 year old Jacob Pouncey; and 17 year old Adam Clark. Neither Jacob Pouncey nor Adam Clark had any significant past experience crewing sailing vessels.

9. After crossing the finish line and completing the 2015 DIR, the RAZR and her crew began navigating from the southern portion of Mobile Bay in a northerly direction towards the Mobile Yacht Club on Dog River.

10. During the return trip, the RAZR and her crew encountered severe weather with their sails still up, which resulted in the vessel being knocked down, held over by wind, taking on water, and subsequently sinking, resulting in the deaths of J.C. Brown and Adam Clark as well as Robert Luiten's alleged damages. No one aboard was wearing a life jacket at the time the RAZR sank and Lennard Luiten, as skipper, never instructed anyone to put on life jackets at any time.

11. Robert Luiten, Jane Brown, and Angelina Tew have asserted claims against FYC arising from his participation in the 2015 DIR aboard a vessel skippered by Lennard Luiten.

12. All claims and damages asserted by Robert Luiten, Jane Brown, and Angelina Tew against FYC arising from the 2015 DIR were proximately caused by the acts and/or omissions of the skipper of the RAZR, Lennard Luiten.

13. Lennard Luiten, as skipper of the RAZR, had a duty to maintain, operate, and navigate the RAZR in a reasonable manner and to ensure that she was in all respects seaworthy and reasonably suited for her intended voyage and to provide reasonable instruction to the crew.

14. Lennard Luiten, as skipper of the RAZR, breached his duties and failed to act reasonably in his maintenance, operation, and navigation of the RAZR during the 2015 DIR and to ensure that she was in all respects seaworthy and reasonably suited for her intended voyage and failed to provide reasonable instruction to the crew, including Robert Luiten and decedents J.C. Brown and Adam Clark.

PD.25555530.1

15. As a direct result of Lennard Luiten's negligent breaches of duty and of reasonable care, Robert Luiten, Jane Brown, and Angelina Tew allege they have sustained damages and claims have been asserted against FYC by them, resulting in damage to FYC.

16. Furthermore, FYC denies that it is liable to plaintiffs Robert Luiten, Jane Brown, and Angelina Tew for any damages, and that such damages, if any, are instead the result of the negligence and fault of Lennard Luiten for which FYC seeks and demands indemnity and contribution from Lennard Luiten, including all damages, fees, interest, costs, and expenses.

WHEREFORE, the premises considered, FYC counterclaims against and demands from Lennard Luiten all incurred and/or available damages and fees, interest, costs, and expenses in an amount to be proven at trial and all other general and equitable relief to which it is entitled, including indemnity and contribution for the claims of plaintiffs Robert Luiten, Jane Brown, and Angelina Tew.

### FAIRHOPE YACHT CLUB'S COUNTERCLAIM AGAINST ROBERT LUITEN

FYC asserts the following counterclaim against Robert Luiten:

1. FYC is an Alabama non-profit corporation located in Baldwin County, Alabama.

2. Robert Luiten is an adult resident of Mobile County, Alabama.

3. Lennard Luiten is an adult resident of Mobile County, Alabama.

4. Since the Court has found subject matter jurisdiction as to plaintiff Robert Luiten's underlying claims, the Court will have jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1333, and venue is proper pursuant to 28 U.S.C. §1391(b)(1) &(2). FYC does not waive and reserves the right to seek appellate review of this Court's subject matter jurisdiction.

5. On April 25, 2015, Robert Luiten was the owner of a 24 foot recreational sailing vessel, RAZR, which was voluntarily participating in the 2015 Dauphin Island Race ("DIR") on the navigable waters of Mobile Bay.

6. On April 25, 2015 during the DIR, Robert Luiten selected 17 year old Lennard Luiten to act as skipper of the RAZR.

7. As owner of the RAZR, Robert Luiten, was obligated to act reasonably in his operation, management, and navigation of the vessel and to act reasonably in instructing his crew and selecting a skipper.

8. In total, there were five individuals aboard the RAZR participating in the 2015 DIR: Robert Luiten, as owner; 17 year old Lennard Luiten, as skipper; 71 year old J.C. Brown; 17 year old Jacob Pouncey; and 17 year old Adam Clark. Neither Jacob Pouncey nor Adam Clark had any significant past experience crewing sailing vessels.

9. After crossing the finish line and completing the 2015 DIR, the RAZR and her crew began navigating from the southern portion of Mobile Bay in a northerly direction towards the Mobile Yacht Club on Dog River.

10. During the return trip, the RAZR and her crew encountered severe weather with their sails still up, which resulted in the vessel being knocked down, held over by wind, taking on water, and subsequently sinking, resulting in the deaths of J.C. Brown and Adam Clark as well as Lennard Luiten's alleged damages. No one aboard was wearing a life jacket at the time the RAZR sank and Robert Luiten, as owner of the vessel, never instructed anyone to put on life jackets at any time.

11. Lennard Luiten, Jane Brown, and Angelina Tew have asserted claims against FYC arising from his participation in the 2015 DIR aboard a vessel owned by Robert Luiten.

12. All claims and damages asserted by Lennard Luiten, Jane Brown, and Angelina Tew against FYC arising from the 2015 DIR were proximately caused by the acts and/or omissions of the owner of the RAZR, Robert Luiten.

13. Robert Luiten, as owner of the RAZR, had a duty to maintain, operate, and navigate the RAZR in a reasonable manner and to ensure that she was in all respects seaworthy and reasonably suited for her intended voyage and to provide reasonable instruction to the crew.

14. Robert Luiten, as owner of the RAZR, breached his duties and failed to act reasonably in his maintenance, operation, management, and navigation of the RAZR during the 2015 DIR and to ensure that she was in all respects seaworthy and reasonably suited for her intended voyage and failed to provide reasonable instruction to the crew, including Lennard Luiten, J.C. Brown, and Adam Clark.

15. As a direct result of Robert Luiten's negligent breaches of duty and of reasonable care, Lennard Luiten, Jane Brown, and Angelina Tew allege they have sustained damages and claims have been asserted against FYC by them, resulting in damage to FYC.

16. Furthermore, FYC denies that it is liable to plaintiffs Lennard Luiten, Jane Brown, and Angelina Tew for any damages, and that such damages, if any, are instead the result of the negligence and fault of Robert Luiten for which FYC seeks and demands indemnity and contribution from Robert Luiten, including all damages, fees, interest, costs, and expenses.

WHEREFORE, the premises considered, FYC counterclaims against and demands from Robert Luiten all incurred and/or available damages and fees, interest, costs, and expenses in an amount to be proven at trial and all other general and equitable relief to which it is entitled, including indemnity and contribution for the claims of plaintiffs Lennard Luiten, Jane Brown, and Angelina Tew.

Respectfully submitted,

*s/ E. Barrett Hails*
ALLEN E. GRAHAM            (GRA051)
E. BARRETT HAILS            (HAI021)
Attorneys for Defendant Fairhope Yacht Club

OF COUNSEL:
**PHELPS DUNBAR, LLP**
101 Dauphin Street, Suite 1000
Post Office Box 2727
Mobile, Alabama   36602
(251) 432-4481
Teeto.Graham@phelps.com
Barrett.Hails@phelps.com

### **CERTIFICATE OF SERVICE**

I do hereby certify that I have on March 19, 2019 served a true and correct copy of the foregoing on the following parties by electronic filing through the CM/ECF filing system, to wit:

| | |
|---|---|
| James J. Crongeyer, Jr.<br>H. Ruston Comley<br>WATKINS & EAGER, PLLC<br>Post Office Box 650<br>Jackson, Mississippi 39205 | H. Lanier Brown II<br>WATKINS & EAGER, PLLC<br>Lakeshore Park Plaza<br>2204 Lakeshore Dr., Suite 114<br>Birmingham, Alabama 35209 |
| Omar L. Nelson<br>Gibbs Travis PLLC<br>1400 Meadowbrook Road, Suite 100<br>Jackson, Mississippi 39211 | |

*s/ E. Barrett Hails*
E. BARRETT HAILS