## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

JANE BROWN, *et al.*,

    Plaintiffs,                        CIVIL ACTION NO:  1:18-CV-00061-TM-MU

vs.

FAIRHOPE YACHT CLUB

    Defendant.

## ANSWER AND DEFENSES OF ROBERT LUITEN TO COUNTER-CLAIMS SET FORTH IN DEFENDANT FAIRHOPE YACHT CLUB'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS AGAINST ROBERT AND LENNARD LUITEN

COMES NOW, Plaintiff Robert Luiten ("Plaintiff"), and submits this his Answer and Defenses in response to the counter-claims asserted against him by Defendant Fairhope Yacht Club ("FYC") in its **Answer to Plaintiffs' Amended Complaint, Affirmative Defenses, and Counterclaims against Robert and Lennard Luiten** [Doc. # 145]. In support, Plaintiff states the following:

### FIRST DEFENSE

FYC has failed to state a cause of action for which relief can be granted, and, therefore, the counter-claims asserted in Document # 145 should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

Subject to and without waiving any of the defenses set forth herein, Plaintiff answers the specific allegations asserted against him in the section of Document # 145 designated "Fairhope Yacht Club's Counterclaim Against Robert Luiten," beginning on page 7 and ending on page 9, referred to herein as "**FYC's Counter-Complaint**". Plaintiff responds to these allegations with

each of the following numbered and unnumbered paragraphs corresponding thereto. All allegations not expressly admitted are denied.

## FAIRHOPE YACHT CLUB'S COUNTERCLAIM AGAINST ROBERT LUITEN

("FYC's Counter-Complaint")

1. Admitted.

2. Admitted.

3. Admitted.

4. Plaintiff admits that this Court has jurisdiction over all claims asserted in the Amended Complaint filed by all plaintiffs in this action [Doc. # 141]. The remainder of the allegations set forth in Paragraph 4 of FYC's Counter-Complaint constitute legal conclusions to which no response is required. To the extent a response is required, those remaining allegations are denied.

5. Plaintiff admits that he owned a recreational sailing vessel of approximately 23.33 feet, the *RAZR*, which sailed in the 2015 Dauphin Island Race on the navigable waters of Mobile Bay.

6. Denied as stated. Plaintiff admits that on April 25, 2015, Lennard Luiten acted as the skipper of the *RAZR* during the 2015 Dauphin Island Race.

7. The allegations set forth in Paragraph 7 of FYC's Counter-Complaint constitute legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

8. Admitted.

9. Admitted.

10. Plaintiff admits that as the *RAZR* and her crew sailed toward the Mobile Yacht Club after crossing the finish line, a severe storm struck the vessel and prevented the crew from lowering the vessel's sails. Shortly thereafter, the vessel capsized, took on water and sank. The vessel's occupants struggled in the water, but eventually J.C. Brown and Adam Clark drowned. Plaintiff witnessed these events and thereafter continued to struggle for his life until rescued. Plaintiff suffered damages from this experience as described in more detail in the Amended Complaint filed by all plaintiffs in this action [Doc. # 141]. Plaintiff also admits that no one aboard the *RAZR* was wearing a life jacket during the race and that he did not instruct the vessel's occupants to do so. All remaining allegations set forth in Paragraph 10 of FYC's Counter-Complaint are denied.

11. Plaintiff admits that Lennard Luiten, Jane Brown and Angelina Tew have asserted claims against FYC which arose out of the negligent, grossly negligent, reckless and wanton manner in which FYC planned and conducted the 2015 Dauphin Island Race and, thereby, caused (a) the deaths of J.C. Brown and Adam Clark and related damages to Jane Brown and Angelina Tew and (b) emotional and psychological distress and related damages to Lennard Luiten.[1] However, the claims asserted by Jane Brown have been resolved by agreement between Jane Brown and FYC. All remaining allegations in Paragraph 11 of FYC's Counter-Complaint are denied.

12. Denied.

13. The allegations set forth in Paragraph 13 of FYC's Counter-Complaint constitute legal conclusions, which require no response. To the extent a response is required, those allegations are denied.

14. Denied.

---

[1] The damages claimed by these plaintiffs are detailed in their Amended Complaint [Doc. # 141], as well as their responses to FYC's discovery requests.

15. Denied.

16. The allegations set forth in Paragraph 16 of FYC's Counter-Complaint are not directed to Plaintiff and, therefore, they require no response. To the extent a response is required, those allegations are denied.

In response to the unnumbered paragraph in FYC's Counter-Complaint following Paragraph 16 and beginning with the word "WHEREFORE", Plaintiff denies any liability to FYC. Plaintiff further denies (a) that FYC suffered any damages, (b) that FYC is entitled to the relief it seeks, and (c) that FYC is entitled to any relief whatsoever from Plaintiff.

## THIRD DEFENSE

The claims set forth in FYC's Counter-Complaint may be barred in whole or in part by the applicable statute of limitations and/or the doctrines of estoppel, waiver and laches.

## FOURTH DEFENSE

To the extent Plaintiff is found to bear any liability to FYC in connection with the 2015 Dauphin Island Race, which Plaintiff expressly denies, such liability should be apportioned according to the principles of comparative fault as set forth in *Hercules, Inc. v. Stevens Shipping Co.*, 765 F.2d 1069 (11th Cir. 1985).

## FIFTH DEFENSE

FYC's claims for indemnity may be barred if FYC is found to bear any fault in connection with the damages suffered by Lennard Luiten and/or Angelina Tew.

## SIXTH DEFENSE

As the owner of the subject vessel (*i.e.*, the "*RAZR*"), Plaintiff may be entitled to the protections set forth in the Limitation of Shipowners' Liability Act, codified at 46 U.S.C. §§ 30501 *et seq.* and 32 CFR § 536.123.

**SEVENTH DEFENSE**

Plaintiff reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to dismiss the claims set forth in FYC's Counter-Complaint with prejudice. Plaintiff further requests the award of legal costs, including attorneys' fees, as well as all other relief which this Court deems just and equitable.

DATED: April 5, 2019.

                                  PLAINTIFF ROBERT LUITEN

By:   /s/ *H. Ruston Comley*
       James J. Crongeyer, Jr., AL Bar 9725-067J
       H. Ruston Comley (Admitted *PHV*)
       WATKINS & EAGER PLLC
       400 East Capitol Street
       Post Office Box 650
       Jackson, Mississippi 39205-0650
       Phone: 601-965-1900
       Fax:    601-965-1901
       jcrongeyer@watkinseager.com
       rcomley@watkinseager.com

       H. Lanier Brown, II (BRO067)
       WATKINS & EAGER PLLC
       Saks Building
       1904 1st Avenue North, Suite 300
       Birmingham, AL 35203
       Phone: (205) 598-2100
       Fax:    (205) 449-1750
       lbrown@watkinseager.com

       Omar L. Nelson (Admitted *PHV*)
       GIBBS TRAVIS PLLC
       210 East Capitol Street, Suite 1801
       Jackson, Mississippi 39201
       Phone:  601-487-2640
       Fax:    601-366-4295
       onelson@gibbstravis.com

## **CERTIFICATE OF SERVICE**

      I do hereby certify that I have served a true and correct copy of the foregoing on all parties by electronic filing through the CM/ECF filing system.

    Allen E. Graham
    E. Barrett Hails
    PHELPS DUNBAR, LLP
    101 Dauphin Street, Suite 1000
    Post Office Box 2727
    Mobile, Alabama 36602
    Teeto.Graham@phelps.com
    Barrett.Hails@phelps.com

Dated: April 5, 2019.

                                                /s/ *H. Ruston Comley*
                                                H. Ruston Comley