IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JANE BROWN, et al., | * | |
| | * | |
|    Plaintiffs, | * | |
| | * | CIVIL ACTION NO.: |
| v. | * | 1:18-CV-00061-TFM-MU |
| | * | Consolidated with: 1:18-cv-102; |
| | * | 1:18-cv-140; and 1:18-cv-176. |
| | * | |
| FAIRHOPE YACHT CLUB, | * | |
| | * | |
|    Defendant. | * | |

**DEFENDANT FAIRHOPE YACHT CLUB'S RENEWED MOTION FOR SUMMARY JUDGMENT AS TO THE CLAIMS OF AMANDA BEALL**

Defendant Fairhope Yacht Club ("FYC") renews its motion for Summary Judgment as to the claims of Amanda Beall (doc. 98) pursuant to Rule 56 of the *Federal Rules of Civil Procedure* as follows:

**INTRODUCTION**

This action arises from the 2015 Dauphin Island Race ("2015 DIR") which was hosted by FYC. During the 2015 DIR, decedent Kris Beall perished when he climbed overboard from a vessel during a storm on Mobile Bay. Kris Beall's wife, Amanda Beall, filed her original complaint in her individual capacity on March 2, 2018 asserting maritime law claims against FYC. (doc. 47, [Compl.] pp. 1-9). Now, over three years and ten months after the decedent's death, Beall has filed an Amended Complaint (doc. 141) asserting claims against FYC and claiming to be the Administratrix of the decedent's estate. Beall did not have standing to sue FYC at the time her original complaint was filed, and Beall's still does not have standing to sue FYC as her proffered appointment as Administratrix of her late husband's estate is improper and untimely under the laws of the State of Louisiana. Were the Court to find that Beall was in fact

the personal representative of the estate of Kris Beall, which FYC disputes, Rule 15(c) cannot be utilized as a means of enlarging a federal Court's jurisdiction to permit an otherwise invalid and time barred claim brought by Beall, as Administratrix, a new and different party. *See USM Corp. v. GKN Fasteners, Ltd.*, 578 F.2d 21, 22 (1st Cir. 1978) *citing* 3 Moore's Federal Practice para. 15.02[2] at 815-816 (1974); *Doe v. O'Bannon*, 91 F.R.D. 442 (E.D. Pa. 1981).

## UNDISPUTED MATERIAL FACTS

1. Plaintiff Amanda Beall is the widow of decedent Kris Beall, who died in the territorial waters of the State of Alabama in Mobile Bay on April 25, 2015. (doc. 47, [Am. Compl.] pp. 265 ¶ 1, 272; doc. [Consolidated Am. Compl.] 141).

2. At the time she filed her original complaint against FYC on March 2, 2018, asserting claims pursuant to the Court's maritime jurisdiction, Beall was not the personal representative of her late husband's estate, but rather, she asserted claims in her individual capacity. (doc. 47, pp. 1-9; doc. 108).

3. After the decedent's death his sister, Christy Anne Beall, petitioned a Louisiana state court to open his estate and to handle the disbursement of his assets. This was not done by plaintiff Amanda Beall, and at no time has the decedent's sister ever asserted claims against FYC. (doc. 98-1, pp. 9-10; 108-1, pp.).

4. On November 30, 2018, Beall moved the Court to Substitute her as an individual for her in her purported capacity as Administratrix of her husband's estate. (doc. 108).

5. In support of this motion, Beall submitted an affidavit from the lawyer handling the estate of her late husband, Leslie E. Halle, to the Court (doc. 108-1), which stated that under Louisiana law, specifically Louisiana Civil Code Article 2315.2, Beall was the only person authorized to

assert a wrongful death claim and that Beall had now been appointed as Administratrix of her husband's estate as of November 13, 2018.

6.  The decedent's own estate lawyer, Halle, acknowledges that the claims of the estate of Kris Beall were time barred by the maritime law statute of limitations at the time Beall sought to be appointed Administratrix of her late husband's estate, "The federal maritime statute of limitations (3 years) has expired; thus, even if the estate had a claim (and it does not), it would be time-barred." (doc. 108-1, p. 5 n.2).

7.  Beall's purported appointment as personal representative of her late husband's estate on November 13, 2018, occurred over three years and six months after her husband's death and after FYC's filing of its motion for summary judgment as to her claims based on her lack of standing. (doc. 98; doc. 108-1).

8.  It was only after Beall claimed to have been appointed personal representative of her late husband's estate, that she moved this Court on November 30, 2018 to substitute herself in her capacity as Administratrix rather than as an individual, as previously pled. (doc. 108).

9.  On February 28, 2019 the Court entered an order, in part, denying Beall's motion to substitute parties. Simultaneously, the Court also denied FYC's prior motion for summary judgment based on Beall's lack of standing <u>without prejudice</u>. (doc. 136).

10. On March 5, 2019, the plaintiffs, including Beall, filed an amended complaint (doc. 141) wherein Beall now asserts claims pursuant to maritime law against FYC in her capacity as Administratrix of Kris Beall's estate and not in her individual capacity as previously pled.

## STANDARD OF REVIEW

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56 of the *Federal*

*Rules of Civil Procedure*. The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied its responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id.*

## ARGUMENT

I.   **Plaintiff Amanda Beall's appointment as Administratrix was untimely and does not afford her standing to sue.**

   A.   **Applicable law and Background of Beall's Claims.**

Under maritime law, a plaintiff has three years to assert a tort claim arising from personal injury or death. 46 U.S.C. § 30106. In this case, the decedent, Kris Beall, died on April 25, 2015, and the applicable maritime law statute of limitations for claims arising from his death ran on April 25, 2018. Black letter maritime law holds that only the personal representative of the estate of the deceased has standing to assert a *Moragne* wrongful death claim. *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1041 (11th Cir. 1996), *rehearing and suggestion for rehearing en banc denied by* 106 F.3d 420 (11th Cir. 1997), *cert. denied* at 520 U.S. 1275 (1998). Further, Rule 17 requires that an "action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right," and in this case, under maritime law, that is only the personal representative of the decedent. *Passman v. Companhia de Navegacao Maritima Netumar*, 544 F.Supp. 451 (E.D. Pa. July 9, 1982) (internal quotations and citations omitted).

At no time prior to April 25, 2018, did the personal representative of Kris Beall's estate assert claims against FYC. At the time Beall filed her original complaint against FYC, in her individual capacity, on March 2, 2018, she was NOT so appointed. *See Futch v. Midland Enter., Inc.*, 471 F. 2d 1195, 1195-96 (5th Cir. 1973) (only the personal representative of the estate can

- 4 -

PD.25569759.1

bring a wrongful death claim under maritime law); *Calton v. Zapata Lexington*, 811 F.2d 919, 921 (5th Cir. 1987) ("The Supreme Court has held that a 'personal representative' is the court-approved executor or administrator of the decedent's estate.") Consequently, Beall lacked standing to assert claims against FYC in her individual capacity at the time her original complaint was filed on March 2, 2018 as well as at the time her first amended complaint was filed on June 6, 2018. (doc. 47, [Compl.] pp. 1-9; doc. 47, [Am. Compl.] pp. 265-299).

FYC discovered that Beall lacked standing in late September of 2018 based on her written discovery responses and deposition testimony. This was after the statute of limitations had run. FYC filed its motion for summary judgment based on Beall's lack of standing and time barred claims in early November of 2018. (doc. 98). After FYC filed its dispositive motion, which should have been fatal to her claims, Beall sought to be appointed Administratrix of her late husband's estate by a Louisiana state court.

### B. Beall's purported appointment as Administratrix.

In Beall's motion to substitute (doc. 108) and in her response to FYC's motion for summary judgment (doc. 109), she argues that regardless of what established maritime law says, she originally had standing to sue as an individual without having been appointed personal representative of the decedent's estate because Louisiana state law affords her standing.[1] In support of this representation to the Court, Beall offered an affidavit of the Louisiana lawyer handling the affairs of Kris Beall's estate, Leslie E. Halle. (doc. 108-1, pp. 1-3). In this affidavit, attorney Halle states that under "Louisiana Civil Code Article 2315.2, Amanda Beall, as Kristopher Beall's surviving spouse, is the only person authorized to sue to recover damages she sustained as a result of his death. Article 2315.2 designates '[t]he surviving spouse' as the person

---

[1] Beall's complaint asserts jurisdiction based on this Court's maritime subject matter jurisdiction only.

- 5 -

entitled to pursue a wrongful death action." (doc. 108-1, p. 2, ¶ 4). In other words, attorney Halle is representing to this Court that the state of the law in Louisiana is such that Beall has standing to sue under maritime law and is a proper party before this Court. However, attorney Halle's sworn representations to this Court are incomplete. Attorney Halle fails/refuses to inform this Court about the plain language of subpart "(B)" of the same code section, which is fatal to Beall's argument that Louisiana law saves her untimely claims. Subpart "(B)" of Louisiana's Wrongful Death Statute states in no unclear terms: "**The right of action granted by this Article prescribes one year from the death of the deceased.**" LA Civ. Code 2315.2 (B) (emphasis added). Therefore, even if this Court were to find that Beall's claims could be saved by looking to Louisiana law, she was divested of her right to bring claims (and, therefore she is still time barred) by the one year prescription set out in LA Civ. Code 2315.2 (B). *See Porche v. Sutherland Lumber & Home Ctr., Inc.*, 2019 La. App. LEXIS 242, \*11 (La.App. 3 Cir. 02/13/19) ("the right to bring a wrongful death action 'prescribes one year from the death of the deceased.' *La. Civ. Code art.* 2315.2(B). Porche, the original plaintiff herein, died on May 23, 2012. Thus, any right of action pertaining to his wrongful death prescribed on May 23, 2013…Plaintiff's herein admittedly did not file a Third Amending and Supplemental Petition in which they attempted to set forth any wrongful death claims until December 27, 2017, long after any such claims had already prescribed.").

Consequently, Beall's appointment as "Administratrix" on November 13, 2018, well beyond the one-year prescription under Louisiana law to assert a wrongful death claim, does not actually afford her standing as personal representative in this case. (doc 108-1, pp. 66-67).

**II.     If Plaintiff Amanda Beall has standing, her Amended Complaint amounts to a de facto substitution despite the Court's prior denial of substitution, and the Court should find her new claims do not relate back to the original filing and are time barred.**

**A.     If Beall has standing, she only obtained it as a new and different party and after the statute of limitations.**

Even if the Court were to find that Beall was timely appointed as personal representative of the decedent's estate, Beall, as an individual, and Beall, as the Administratrix of the estate of Kris Beall, are legally distinct and different parties. *See Futch*, 471 F. 2d 1195; *Green v. CCS Energy Servs. LLC*, 2008 U.S. Dist. LEXIS 100040, *15 (E.D. La. Dec. 9, 2008) ("the decedent's personal representative, will conduct the litigation and will hold any recovery in trust for the beneficiaries."). If Beall's appointment is actually proper and timely, November 13, 2018 would have been the first time since her husband's death on April 25, 2015, that Beall had standing under maritime law to assert claims against FYC. On November 30, 2018, Beall moved the Court to substitute parties to allow her, in her capacity as Administratrix, to be substituted as plaintiff. This occurred over seven months <u>after</u> the maritime law statute of limitations had run, and FYC opposed this motion.

**B.     The Court has denied Beall's substitution of parties.**

On February 28, 2019, the Court entered an order granting the plaintiffs' motion for leave to file a joint amended complaint (doc. 67). As it related to Beall's pending Motion to Substitute Parties or, in the alternative, for Leave to File Amended Complaint (doc. 108), the Court held that:

> To prevent confusion and to ensure clarity on the operative complaint, the Court also **GRANTS in part** and **DENIES** in part the Plaintiffs' motion (Doc. 108) to the extent the Court grants leave to file the amended complaint but denies the motion to substitute parties. As a result, the Court also **DENIES without prejudice as moot**…[FYC's] Motion for Summary Judgement (Doc. 98).

- 7 -

(doc. 136, emphasis in original).[2]

In response to the Court's February 28, 2019 Order, the plaintiffs filed a joint amended complaint (Beall's third complaint in this litigation) wherein Beall, for the first time, asserted her claims, not as an individual, but as the purported Administratrix of her late husband's estate. This amended pleading is, in fact, a de facto substitution of parties since Beall now asserts her claims as Administratrix rather than in her individual capacity.

In light of the above and in consideration that: (1) Beall's appointment as Administratrix is improper and she is lacks standing to sue; (2) even if Beall has standing, her latest Amended Complaint asserts claims on behalf of a different legal entity; (3) that the Court previously denied Beall's motion to substitute parties yet Beall has re-pled her complaint in a manner resulting in a substitution of legal entities, possibly in contravention of the Court's prior order; and (4) that the Court denied FYC's prior motion for summary judgment without prejudice, FYC renews and reasserts its prior challenge to the standing and timeliness of Beall's claims, which are issues that remain unresolved and are fatal to Beall's claims.[3]

---

[2] It is unclear to FYC if the Court intended for plaintiffs to file the proposed amended complaint attached to their original motion for leave to amend (doc. 67 and 67-1) or if the Court was granting leave for plaintiffs to file their proposed amended complaint attached to their motion to substitute parties (doc. 108 and 108-1). Ultimately, plaintiffs filed the later proposed amended complaint (doc. 108-1). The later proposed amended complaint asserts Beall's claims in her capacity as Administratrix, whereas, the original proposed amended complaint (doc. 67-1) asserted Beall's claims in her individual capacity.

[3] Furthermore, FYC adopts and incorporates as if set forth herein, its prior arguments in favor of summary judgment as to Beall's claims set forth in its Alternative Motion for Summary Judgment (doc. 98) and its Response in Opposition to Plaintiff Amanda Beall's Motion to Substitute Parties, or in the alternative, for leave to file Amended Complaint. (doc. 112), including that plaintiff's claims could alternatively be barred under the doctrine of laches.

### C. Without a substitution of parties, already denied by this Court, there can be no relation back.

If Beall's appointment of Administratrix is proper, which FYC disputes, she only obtained proper standing and became a real party in interest after the three-year statute of limitation for maritime torts, and, as such, any claims brought by Beall as Administratrix are now time barred and do not relate back to her original complaint pursuant to Rule 15(c). The decision to permit an amendment of a pleading is distinct from whether a claim within the pleading relates back to the original complaint, "under Rule 15 of the *Federal Rules of Civil Procedure*, **the decision whether to allow a plaintiff to amend the complaint is separate from, and based upon a different standard than, the decision whether the new claim relates back to the original complaint**." *Caban-Wheeler v. Elsea*, 71 F.3d 837, 841 (11th Cir. 1996) (emphasis added). Therefore, the fact the Court permitted an amendment to the complaint does not mean that Beall's untimely claims automatically relate back to the date of the original complaint filing.

It is undisputed that at the time she filed her original complaint against FYC in her individual capacity, Beall was not the personal representative of the decedent's estate. Beall now seeks to use the relation back principles of Rule 15(c) to correct her prior lack of standing should the Court find she is actually properly appointed as personal representative. Rule 15(c) is not intended to be used as means of correcting a claimant's improper standing:

> Rule 15 of the *Federal Rules of Civil Procedure* governs the amendment of pleadings in federal court. Subdivision (c) provides for the relation back of amendments to the original pleadings. However, "(r)elation back is intimately connected with the policy of the statute of limitations." Notes of Advisory Committee on Rules, (1966 Amendment), *Federal Rule of Civil Procedure 15*. The purpose of "relation back" under subdivision (c) is to ameliorate the effect of the statute of limitations in instances where the opposing party has notice of the suit, but the amending party had failed to assert all possible claims or defenses arising out of the conduct, transaction or occurrences set forth in the original pleading. *See* 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1496, at 482-83 (1971).

- 9 -

*Doe v. O'Bannon*, 91 F.R.D. 442, 446-47 (E.D. Pa. 1981).

In this case, Beall's Amended Complaint is not seeking to assert additional "claims…arising out of the conduct…set forth in the original pleading," but rather, Beall in her purported capacity as Administratrix (a new and different party) is now asserting claims as a new party to correct her previously inadequate standing. The purpose of Rule 15(c) is not to enlarge the jurisdiction of the Court, which is exactly what Beall, now as Administratrix, is seeking to do.

The court in *Doe v. O'Bannon* addressed similar circumstances in a First Amendment case wherein the plaintiff did not have proper standing at the time the original complaint was filed. The court ultimately denied relation back of an amendment that sought to correct a plaintiff's original lack of standing:

> **[Plaintiff] invokes the "relation back" provisions of Rule 15(c), not for the purposes of avoiding the statutory effect of a statute of limitations establishing an affirmative bar to her lawsuit, but rather, <u>for the purpose of conferring the constitutional prerequisite of standing for maintenance of the suit.</u> The "relation back" principle of Rule 15(c), however, cannot serve artificially to assist the plaintiff to meet the constitutionally mandated requirement of concrete adverseness where the plaintiff, in fact, failed to meet that requirement on the date that the claim was filed. <u>Federal jurisdiction cannot be either enlarged or restricted by the "relation back" principle</u>.** See *USM Corporation v. GKN Fasteners Limited*, 578 F.2d 21, 22-23 (1st Cir. 1978); 3 Moore's Federal Practice P 15.02(2) at 15-16 to 15-19 (1980).
>
> \*\*\*
>
> Again, the Court emphasizes that "relation back" serves as a general exception to the principle that the action or claim commences on the date it is filed, and that "relation back" only exists for the purpose of ameliorating the effect of statutory bars to relief and **not for the purpose of artificially assisting plaintiffs to fulfill constitutional prerequisites, such as standing**. See e.g. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 550-51, 94 S. Ct. 756, 764-65, 38 L. Ed. 2d 713 (1974); *USM Corporation v. GKN Fasteners Limited*, supra. Nor can it be argued that the First Amendment claim was intended to be brought but was omitted as an oversight in the original complaint.

*Doe v. O'Bannon*, 91 F.R.D. at 447 (emphasis added).

Beall is now seeking to use the relation back mechanism of Rule 15(c) to expand the jurisdiction of this Court to correct her prior lack of standing. Considering her delay in obtaining standing, Beall should not be permitted to usurp the statute of limitations by way of Rule 15(c). A party's own capacity to bring a claim is central to the legal validity of a claim. As initially asserted, no valid claim was plead by Beall. Her amended complaint cannot relate back because she is a new and different party entirely, assuming her appointment as personal representative is even proper. *See United States v. Chapman Constr., Inc.*, 85 F.R.D. 255, 256 (W.D. Okla. 1979) ("Rule 15(c) generally does not apply to an amendment which substitutes or adds a new party or parties for those brought before the Court by the original pleadings, whether plaintiff or defendant… Substitution of a completely new defendant creates a new cause of action…To allow such an amendment to relate back would undermine the policy upon which the statute of limitations is based.") (internal citations omitted). The text of Rule 15(c) states as follows:

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15.

Rule 15(c) provides three circumstances under which relation back is permissible. The first, Rule 15(c)(1)(A) is not applicable to this case. The second, Rule 15(c)(1)(B) is likewise not applicable because Beall as Administratrix is not seeking to add a claim or defense, but rather, is seeking to add herself as a new and different party. "Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' **but it does not authorize the relation back of an amendment adding a new party**." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318-19 (6th Cir. 2010) (emphasis added). The claims asserted by Beall in her latest amended compliant (doc. 141), although alleged with more detail, are the same claims asserted in her original complaint filed on March 2, 2018.

The final way a claim may relate back is 15(c)(1)(C). However, this portion of Rule 15 generally contemplates changing a parties' name where there has been a misnomer, misdescription, or mistake of identity.[4] "Rule 15(c)(1)(C) permitting relation back of an amendment changing a party or its name applies, by its plain language, to changes to defendants…Although various courts have extended the relation-back provisions of Rule 15(c)(1)(C) to amendments changing identities of plaintiffs…the type of 'changes' permitted are limited to corrections of misnomers or misdescriptions." *Asher*, 596 F.3d at 318-19. In this case, there was no mistake or confusion as it relates to the intention of Beall suing in her individual capacity. As discussed in detail above, in Beall's Motion to Substitute Parties (doc. 108) and in her Response to FYC's first Motion for Summary Judgment (doc. 109), Beall argues that suing

---

[4] This is also true of Rule 17(a) regarding the real party in interest, which is to be considered in conjunction with Rule 15(c). The Committee Comments to Rule 17(a) note that the rule "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made."

FYC in her individual capacity was actually proper at the time her suit was initially filed based on Louisiana state law. FYC disputes the validity of this position considering her claims were time barred under Louisiana state law as well. It also appears that even Beall has serious concerns with the validity of this position since within days of FYC's motion for summary judgment she sought to be appointed as Administratrix of her late husband's estate, well after the one-year prescription to bring wrongful death claims under Louisiana law. If Beall's position is correct that she always had standing from the commencement of this litigation, it is unclear why she would later seek the appointment to be Administratrix, again well after the one-year prescription to bring wrongful death claims under Louisiana law. Regardless, it is clear from Beall's prior actions and the arguments in her briefing that by no means was it a "mistake" or "misnomer" for her original claims to be filed in her individual capacity. The lack of mistake is further evidenced by the fact other plaintiffs in this consolidated action asserted claims as personal representatives on behalf of their respective decedents' estates.[5] This intentional decision to sue FYC in her individual capacity precludes Beall from now suing as a new and different legal entity after the statute of limitations has expired. *See Smith v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 58751, at *16-18, 20-21 (M.D. Ala. Apr. 14, 2016) ("Plaintiff was fully aware of S&P's identity at the time he filed his original complaint, but made a deliberate choice not to sue S&P, and instead sued Defendant…Plaintiff's failure to name S&P as a defendant in the original complaint was **the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity.** The fact that Plaintiff knew S&P's

---

[5] In contrast to decedent Kris Beall's claims, the claims of decedents J.C. Brown and Adam Clark were asserted by the personal representatives of their estates rather than anyone in their individual capacity (*see* doc. 1 and doc. 31, [compl.] pp. 5-13). Another action brought by Plaintiffs' counsel arising from the 2015 Dauphin Island Race, was also brought in the name of the estate, *see Henry v. Fairhope Yacht Club*, 02-CV-2016-000224.

identity and conduct but may not have known that such conduct was potentially wrongful under the FDCPA is unavailing. *See Krupski*, 560 U.S. at 549 ('**[M]aking a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity**.'). **As such, Plaintiff cannot rely upon the relation-back doctrine to add S&P as a defendant in his proposed amended complaint**.") (emphasis added). As a result, Beall's original filing was not a mistake and none of Rule 15(c) permits relation back of Beall's claims, which are now time barred.

The *Federal Rules of Civil Procedure* lack the fictitious party rule, which some states have. For example, Alabama's Rules 9(h) and 15(c) would permit a party, like Beall, to describe fictitious parties in her complaint and when proper party identification is discerned, an amendment can "relate back" to the time of the original filing even for statute of limitations purposes. But even in jurisdictions with fictitious party practice, strict elements must still be met. For example, in Alabama, a plaintiff "(1) must state a cause of action against the party named fictitiously in the body of the original complaint and (2) must be ignorant of the identity of the fictitiously named party, in the sense of having no knowledge at the time of the filing that the later-named party was in fact the party intended to be sued." *Crawford v. Sundback*, 678 So. 2d 1057, 1059 (Ala. 1996). The plaintiff must then "exercise due diligence to determine the true identity of defendants both before and after filing the original complaint" *McKee v. Lucas*, 212 So. 2d 921, 927 (Ala. 2016) (internal quotations and citations omitted), and an amendment will be permitted so long as it is asserted "within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action." Ala. R. Civ. P. 15(c)(3). The *Federal Rules of Civil Procedure* do not share the lenient fictious party Rules embodied in the Alabama

Rules of Civil Procedure. Beall cannot even meet the generous fictitious party pleading rules under Alabama law much less the more stringent standards required by the Federal Rules of Civil Procedure since her amended pleading was submitted well beyond the statute of limitations and over 120 days after the commencement of her suit.

The Court should not permit the substitution or relation back of an entirely different party, now almost four years after the decedent's death, when the delay in obtaining standing was not inadvertent, but rather, was intentional. To permit such a substitution or amendment after an undue delay undermines 46 U.S.C. § 30106 to the detriment of FYC.

## CONCLUSION

Beall initially lacked proper standing to assert claims against FYC under maritime law. Her purported appointment as Administratrix in November 2018 was well after Louisiana's one-year prescription to bring wrongful death claims, and, as such, she lacks standing as personal representative to sue FYC. This Court has already denied Beall's initial attempt to substitute parties. Beall's claims asserted as the purported Administratrix do not relate back to her original complaint and her new claims are due to be dismissed as violating the statute of limitations. There is no genuine dispute that Beall was not a real party in interest before the Court at the time she first sued FYC and that she continues to lack the proper standing to assert claims. Even if Beall obtained standing after the statute of limitations, her new claims as a different legal entity do not relate back. Consequently, Beall's claims against FYC are due to be dismissed as a matter of law.

WHEREFORE, the premises considered, FYC respectfully request that the Court grant its motion for summary judgment as to the claims of Amanda Beall based on her lack of standing and the untimeliness of her claims.

Respectfully submitted,

*s/ E. Barrett Hails*
ALLEN E. GRAHAM        (GRA051)
E. BARRETT HAILS        (HAI021)
Attorneys for Defendant Fairhope Yacht Club

OF COUNSEL:

**PHELPS DUNBAR, LLP**
101 Dauphin Street, Suite 1000
Post Office Box 2727
Mobile, Alabama   36602
(251) 432-4481
Teeto.Graham@phelps.com
Barrett.Hails@phelps.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on April 9, 2019 served a true and correct copy of the foregoing on the following parties by electronic filing through the CM/ECF filing system, to wit:

| | |
|---|---|
| James J. Crongeyer, Jr.<br>H. Ruston Comley<br>WATKINS & EAGER, PLLC<br>Post Office Box 650<br>Jackson, Mississippi 39205 | H. Lanier Brown II<br>WATKINS & EAGER, PLLC<br>Lakeshore Park Plaza<br>2204 Lakeshore Dr., Suite 114<br>Birmingham, Alabama 35209 |
| Omar L. Nelson<br>Gibbs Travis PLLC<br>1400 Meadowbrook Road, Suite 100<br>Jackson, Mississippi 39211 | |

*s/ E. Barrett Hails*
ALLEN E. GRAHAM
E. BARRETT HAILS